UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
GERHARD TENNER,                          :
                                         :    12-civ-9364 (TPG)
                    Plaintiff,           :
                                         :
v.                                       :
                                         :
REPUBLIC OF ARGENTINA,                   :
                                         :
                    Defendant.           :
_____      :

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff respectfully submits this Memorandum of Law in support of his motion for summary judgment as against the Republic of Argentina ("Defendant" or "Argentina").

**I.   UNDISPUTED FACTS**

Plaintiff acquired €300,000 worth of bonds issued by Argentina, bearing ISIN XS30105694789, with a maturity date of January 7, 2005 and a coupon rate of 10% (the "Bonds"), pursuant to the Medium-Term Note Programme ("MTNP") and Trust Deed of July 27, 1993 (the "Trust Deed"). *See* Complaint ¶1, 9, 10; Affidavit of Gerhard Tenner ("Tenner Aff.") ¶3, Exs. A and B; Statement of Undisputed Material Facts ("Statement") ¶1.

The Bond's governing documents require that Argentina shall pay the principal and interest on the Bonds and that certain events – including a failure to pay interest when due or a declaration by Argentina of a moratorium on the payment of principal or interest – would constitute default. *See* Complaint ¶ 18; Statement ¶5.  On or about December 23, 2001, Argentina declared a moratorium on the payment of principal and interest with respect to all of its foreign debt.  *See* Complaint ¶19; Statement ¶7.  *See also Lightwater Corp. Ltd. v. Republic of Argentina*, Nos. 02 Civ. 3804 (TPG),

02 Civ. 3808 (TPG), 02 Civ. 5932 (TPG), 2003 U.S. Dist. LEXIS 6156, at *5 (S.D.N.Y. Apr. 14, 2003).  Since declaring the moratorium Argentina has not made any payments of interest or principal on any of its foreign debt, including the bonds at issue in this Action.  *See* Complaint ¶19; Statement ¶8.

## II.  RELATED ACTIONS CONCERNING ARGENTINA'S FOREIGN DEBT

This Court has already granted summary judgment to several plaintiffs with breach of contract claims against Argentina for its failure to satisfy its foreign debt obligations, including the same Bond at issue in this case.  In *Lightwater*, for example, this Court granted summary judgment to the plaintiffs in three related actions for the principal amounts of their bonds plus accrued interest.  *See Lightwater*, 2003 U.S. Dist. LEXIS 6156, at *14.  Because Argentina "defaulted on the bonds when it ceased to pay . . . interest," and because the plaintiffs accelerated the bonds, this Court concluded that Argentina "now owes the three plaintiffs principal and accrued interest." *Id*., at *10-*11.  Following *Lightwater*, the Court has found that other Argentina bond holders have presented claims virtually indistinguishable from those in *Lightwater*, and has thus granted summary judgment in factually analogous situations to the those presented in this action.  *See EM Ltd. v. The Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 U.S. Dist. LEXIS 15975 (S.D.N.Y. Sept. 12, 2003), *aff'd*, 382 F.3d 291 (2d Cir. 2004); *Applestein TTEE FBO D.C.A. Grantor Trust v. The Republic of Argentina*, No. 02 Civ. 4124 (TPG), 2003 U.S. Dist. LEXIS 20922 (S.D.N.Y. Nov. 19, 2003).

Recently, this Court granted summary judgment to a holder of the very Bond at issue in this case.  *See Dussault v. The Republic of Argentina*, No. 06-civ-13085 (TPG), Judgment (S.D.N.Y. Mar. 25, 2012).  In granting summary judgment to the plaintiffs in *Dussault*, *Lightwater, EM,* and *Applestein*, this Court rejected the affirmative defenses asserted by Argentina here: (i) that Plaintiffs

fail to state a valid cause of action; (ii) that enforcement of Plaintiffs' claim would violate public policy; (iii) that enforcement of Plaintiffs' claim violates principles of international comity; (iv) that enforcement of Plaintiffs' claim is barred by the act of state doctrine; and (v) that Plaintiffs' claim constitutes an abuse of rights.  *See Lightwater*, at *11-*14; *EM*, at *5-*6, *9; *Applestein*, at *6-*7.

### III.   ARGUMENT

Summary judgment is proper when, in the absence of genuine issues of material fact, the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  *See also, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986).  "A genuine issue for trial exists if, based on the record as a whole, a reasonable trier of fact could return a verdict for the non-moving party." *Tamman v. Schinazi*, No. 00CV9404GBD, 2004 WL 1637000, at *2 (S.D.N.Y. July 21, 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).  "[T]he party *opposing* the motion bears the ultimate burden of proof to demonstrate that there is some evidence which would create a genuine issue of material fact."  *Maguire v. Level Sights, Inc.*, No. 03 CV 2294, 2004 WL 1621187, at *1 (S.D.N.Y. July 19, 2004)  (citing *Twin Laboratories, Inc. v. Weider Health & Fitness*, 900 F.2d 566, 568 (2d Cir.1990)) (emphasis added).  "The non-movant cannot meet this burden by simply relying on mere conclusory allegations, speculation or conjecture."  *Id.* (citing *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)).

### A.   Plaintiff Is Entitled To Summary Judgment

Actions seeking recovery on promissory notes are well-suited to summary disposition, since the moving party need only establish the existence of a contract and a default thereunder.  *See, e.g.*, *Pereira v. Cogan*, 267 B.R. 500, 506 (S.D.N.Y. Sept. 25, 2001); *see also Citizens Bank & Trust Co. v. Se-Fish Assocs.*, No. 99-CV-0417, 2002 U.S. Dist. LEXIS 17348 (W.D.N.Y. July 23, 2002) (defendant breached a contract by executing a note and defaulting on its repayment); *Beube v.*

*English*, 206 A.D.2d 339, 339, 614 N.Y.S.2d 44 (1994) (affirming summary judgment when plaintiffs submitted proof of the existence of a note and the defendants' default).

Here, Plaintiff has established both of the foregoing predicates – the existence of a valid note and Argentina's default thereon. *See supra* Part I. It is uncontested that Argentina is obligated to pay Plaintiff's interest on the subject Bonds, and Argentina admits that it has defaulted on its obligation to pay Plaintiff pursuant to the terms of the Bond's governing documents. *See* Complaint ¶ 13-14; Answer ¶ 13-14. This Court has already granted summary judgment against Argentina in several other actions presenting issues identical to those in this case. *See supra* Part II (collecting cases). *See also Mazzini v. Republic of Argentina*, No. 03 Civ. 8120TPG, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005). According to the doctrine of collateral estoppel, judgment in a prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 (1979). Argentina is thus precluded from "relitigating an issue that it has litigated unsuccessfully in []other action[s]," including *Lightwater, EM,* and *Applestein*. *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 433-34 (2d Cir. 1995). The doctrine applies with full force when, as here, the prior suits culminated in summary judgment. *See Beck v. Levering*, 947 F.2d 639, 642 (2d Cir. 1991) (collateral estoppel properly invoked to support summary judgment based on award of summary judgment in prior case). In short, under well-settled principles of collateral estoppel, it has already been conclusively established that the Republic breached its contractual obligations to Plaintiffs.

      **B.**      **The Republic's Affirmative Defenses Are Without Merit**

Argentina has asserted numerous affirmative defenses which have already been rejected by this Court. *See Lightwater*, at *11-*14; *EM*, at *5-*6, *9; *Applestein*, at *6-*7 (characterizing case as indistinguishable from *Lightwater*). The decision in *EM* has since been upheld by the Second

Circuit, *EM Ltd. v. The Republic of Argentina,* 382 F.3d 291 (2d Cir. 2004), and there is nothing in the record that would suggest that Plaintiffs have not acted in good faith. The Bonds at issue here are the same bonds at issue in the *Dussault* action, where this Court denied Argentina's motion to dismiss and granted Plaintiff's motion for summary judgment. *See Dussault v. The Republic of Argentina*, No. 06-civ-13085 (TPG), Judgment (S.D.N.Y. Mar. 25, 2012).

### C. Plaintiffs Are Entitled To Statutory Interest On Payments Past Due

Under New York law, Plaintiffs are entitled to prejudgment interest on those amounts. *See Sterling National Bank and Trust Co. of New York v. Fidelity Mortgage Investors*, 510 F.2d 870, 875 (2d Cir. 1975); N.Y. C.P.L.R. § 5001. Where a plaintiff incurs damages at various times, interest is computed upon each item from the date it was incurred or, alternately, upon all of the damages from a single reasonable intermediate date. N.Y. C.P.L.R. § 5001(b). The purpose of this policy is to make plaintiffs whole by providing compensation for the non-use of their funds, and to avoid a windfall to defendants. *Spodek v. Park Prop. Dev. Assocs.,* 279 A.D.2d 467, 468 (2d Dep't 2001), *aff'd*, 96 N.Y.2d 577. In the case of recurring defaults on periodic interest payments, a plaintiff is entitled to prejudgment interest at the statutory rate from the date each payment became due under the terms of the note. *Id.*

In this case, Argentina has defaulted, and continues to default, on its obligations to make payments of interest to Plaintiff as they become due and payable. Thus, Plaintiff is entitled to receive prejudgment interest, at the statutory rate of nine percent (9%) per annum, on each of the payments in respect of which the Republic has defaulted, measured from the date on which each such payment first became due and payable. N.Y. C.P.L.R. § 5001.[1]

---

[1] Statutory interest was computed "upon each item from the date it was incurred," N.Y. C.P.L.R. § 5001(b), through and including the present. Thus, interest is computed from the date of

### D.  Plaintiffs Total Payments Due

As of the date hereof, Argentina has defaulted on the following payments (and statutory interest earned thereon) owed to Plaintiff:

| | |
|---|---|
| Principal amount of the Bonds: | €300,000.00 |
| Bond interest due and unpaid: | €281,589.04 |
| Pre-judgment statutory interest: | €111,791.54 |
| **TOTAL:** | **€693,380.58** |

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that summary judgment be entered in his favor in the amount of €693,380.58.

Dated:  New York, New York
        May 29, 2013                          **SARRAF GENTILE LLP**

                                              /s/ Ronen Sarraf
                                              Ronen Sarraf
                                              450 Seventh Avenue, Suite 1900
                                              New York, NY 10123
                                              212-868-3610

                                              **Attorneys for Plaintiff**

---

default (i.e., December 23, 2001) until the present.  Plaintiff make this computation without waiving his right to pre-judgment interest accruing after the present date and, with this motion, expressly seeks the same.