UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GERHARD TENNER, | : | |
| | : | 12-civ-9364 (TPG) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| REPUBLIC OF ARGENTINA, | : | |
| | : | |
| Defendant. | : | |

Plaintiff is the beneficial owner of a certain bond indebtedness issued by defendant, the Republic of Argentina ("Argentina"). Argentina defaulted on such indebtedness in December 2001. Plaintiff sues to recover amounts due to him as a result of the default and has moved for summary judgment. Argentina does not object to the entry of summary judgment against it. The motion is granted.

## FACTS

The bond indebtedness held by Plaintiff, which bears ISIN No. XS0105694789 (the "Bond"), was issued by Argentina under a Medium-Term Note Programme ("MTNP") and is governed by an English Law Trust Deed, dated July 27, 1993 (the "Trust Deed"), as amended and restated from time to time. In the Trust Deed, Argentina expressly agreed: (i) to submit to the jurisdiction of this Court; and (ii) to waive any claim of sovereign immunity to the fullest extent of the law. Trust Deed §§ 17.2, 17.4. Argentina further expressly agreed that certain events, including a failure to pay interest when due, or a declaration by Argentina of a moratorium on the payment of principal or interest, would constitute default. *See id.* (Terms and Conditions of the Notes) ¶¶10(a), (d). On December 24, 2001, Argentina declared a moratorium on payments of principal and interest on its external debt. The Court refers to its previous

opinions for a description of the circumstances of these defaults. *Lightwater Corp. Ltd.* v. *Republic of Argentina,* No. 02 Civ. 3804, 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003); *Applestein* v. *Province of Buenos Aires,* No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003).

Since declaring the moratorium Argentina has defaulted by failing to make any payment of interest or principal on any of its foreign debt, including the Bond at issue in this Action.

The Bond at issue in this Action, and the amount of beneficial interest owned by Plaintiff, is reflected in the following table: [1]

| Plaintiff Bond Holder or Beneficial Owner | Gerhard Tenner |
|---|---|
| Face Value | €300,000.00 |
| ISIN No. | XS0105694789 |
| Date Of Issuance | January 7, 2000 |
| Date Of Maturity | January 7, 2005 |
| Interest Rate/Payable | 10.00% |
| Date Of Purchase | July 6, 2000 |
| Acceleration | Not Required |
| Contract Documents | Trust Deed, dated July 27, 1993 |
| Evidence of Ownership Proffered | Account Statement, dated April 10, 2013<br>Account printout, dated April 10, 2013<br>Account Statement, dated July 16, 1013 |

---

[1] The court notes the distinction between bonds and beneficial interests. In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." Argentina actually issues "a bond" to a depository. The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully in *Million Air Corp.* v. *Republic of Argentina,* No. 04 Civ. 1048, 2005 WL 256126 (S.D.N.Y. Oct. 17, 2005).

## DISCUSSION

This Court has already granted summary judgment to plaintiffs in other cases seeking to collect similar breach of contract claims against Argentina for its failure to satisfy its foreign debt obligations, including the same Bond at issue in this Action. In *Fontana v. Republic of Argentina,* 415 F.3d 238 (2d Cir. 2005) and *Applestein v. Province of Buenos Aires,* 415 F.3d 242 (2d Cir. 2005), the Second Circuit has held that an owner of a beneficial interest, such as Plaintiff here, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, Argentina may waive the authorization requirement. Argentina has agreed to waive objections based on lack of authorization where the Court makes a finding of current ownership. *See* Transcript, March 28, 2006, *Cali v. Republic of Argentina,* No. 04-6594; *See also Dussault v. The Republic of Argentina,* No. 06-civ-13085 (TPG), Judgment (S.D.N.Y. May 25, 2012) (awarding summary judgment to plaintiff in connection with the same Bond at issue in this Action).

Here, Plaintiff has adequately demonstrated through his account statements that he owned his beneficial interest in the Bond as of July 16, 2013. There is no evidence of any change of ownership thereafter. By email, dated July 24, 2013, counsel for Argentina stated that Argentina does not object to the entry of summary judgment for Plaintiff.

## CONCLUSION

The motion for summary judgment is granted. Judgment will be entered for the principal amount of the Bond issued by Argentina, plus interest.

Settle judgment.

**SO ORDERED.**

Dated: New York, New York
Oct 3, 2013

THOMAS P. GRIESA, U.S.D.J.